UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND; IRON
WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS' LOCAL NO. 25
VACATION PAY FUND; IRON WORKERS'
DEFINED CONTRIBUTION PENSION FUND;
and IRON WORKERS' APPRENTICESHIP
FUND OF EASTERN MICHIGAN, Trust
Funds Established and Administered Pursuant
to Federal Law,

    Plaintiffs,

v.

SIGNS BY CRANNIE, INC., a Michigan corporation,
and DANIEL CRANNIE, JR., Individually,

    Defendants.

Case No.: 18-cv-
Hon.:

---

**DAVID J. SELWOCKI (P51375)**
**JESSICA L. SCHUHRKE (P77561)**
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, Michigan  48037-0222
(248) 746-0700
dselwocki@swappc.com
jschuhrke@swappc.com

---

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants SIGNS BY CRANNIE, INC., a Michigan corporation and

DANIEL CRANNIE, JR., Individually, state as follows:

1. Plaintiffs are the Trustees of the IRON WORKERS' LOCAL NO. 25 PENSION FUND, IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN, IRON WORKERS' LOCAL NO. 25 VACATION PAY FUND, IRON WORKERS' DEFINED CONTRIBUTION PENSION FUND and IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Novi, Oakland County, Michigan.

2. Defendant, SIGNS BY CRANNIE, INC., (hereinafter "SIGNS BY CRANNIE") is a Michigan corporation with its principal offices in the State of Michigan.

3. Defendant DANIEL CRANNIE, JR. (hereinafter "INDIVIDUAL DEFENDANT") is the individual who is the principal owner and/or officer of SIGNS BY CRANNIE. Upon information and belief, the INDIVIDUAL DEFENDANT is responsible for running the day-to-day operations of SIGNS BY CRANNIE and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4. The INDIVIDUAL DEFENDANT is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The INDIVIDUAL DEFENDANT is the employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant SIGNS BY CRANNIE was signatory to Collective Bargaining Agreements with Local 25 Union.

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreements between SIGNS BY CRANNIE and the Union, SIGNS BY CRANNIE agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by SIGNS BY CRANNIE and covered by the Agreement.

9. That pursuant to the provisions of the plan and trust documents for the FUNDS, contributions become vested plan assets on the date in which they are due.

10. That pursuant to the Collective Bargaining Agreements, Defendant SIGNS BY CRANNIE is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 26th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

12. That pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS,

the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENTS
## AND 29 USC §1145

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, SIGNS BY CRANNIE has failed and refused to permit an audit as requested, therefore violating the Collective Bargaining Agreement and the Plaintiff Funds' plan documents.

17. That despite numerous requests, the Defendants have failed and refused to provide the documents requested by Plaintiffs to perform the audit in this matter.

18. By the above described omissions and breaches of the Collective Bargaining Agreement by SIGNS BY CRANNIE, the Trustees of the FUNDS have been prevented from discharging their duties as permitted by the parties' CBA and the associated trust documents including the policy and procedures for each of the FUNDS.

19. That SIGNS BY CRANNIE refusal to permit an audit has prevented the Trustees of the FUNDS from determining whether SIGNS BY CRANNIE owes fringe benefit contributions. If such contributions are owed, SIGNS BY CRANNIE'S refusal to permit an audit has prevented the Trustees of the FUNDS from taking necessary steps to collect those contributions.

20. That in the event the audit reveals that SIGNS BY CRANNIE owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

21. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless SIGNS BY

CRANNIE is ordered to specifically perform all obligations on SIGNS BY CRANNIE'S part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendants restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

- B. Enter an Order that Defendant SIGNS BY CRANNIE, INC., open its books and records for a complete audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants SIGNS BY CRANNIE, INC., and DANIEL CRANNIE, JR., for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs, and all of the mandates of 29 USC §1132(g)(2), and other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES OF DANIEL CRANNIE, JR.

22. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 21 above as though fully set forth herein.

23. The INDIVIDUAL DEFENDANT is fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

24. By engaging in the acts and omissions described, the INDIVIDUAL DEFENDANT has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

25. The INDIVIDUAL DEFENDANT is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

B. Enter an Order that Defendant SIGNS BY CRANNIE, INC., open its books and records for a complete audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants SIGNS BY CRANNIE, INC., and DANIEL CRANNIE, JR., for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs, and all of the mandates of 29 USC §1132(g)(2), and other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

    E.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

*/s/David J. Selwocki*
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield, MI 48075
(248) 746-0700
dselwocki@swappc.com
P51375

Dated: September 20, 2018

W2218541.DOC